**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

CARRIE DOUGLAS, )
)
Petitioner, )
v. ) 2:13-cv-95-JMS-DKL
)
SUPERINTENDENT, )
)
Respondent. )

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Carrie Douglas for a writ of habeas corpus must be denied and the action dismissed for lack of jurisdiction. In addition, the court finds that a certificate of appealability should not issue.

**I.**

**A.**

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts*, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

**B.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). The petition of Carrie Douglas for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test.

Petitioner Douglas seeks a writ of habeas corpus with respect to his 1988 convictions in Marion County for the offenses of rape and confinement. Douglas is confined within the Southern District of Indiana. In this petition, he alleges that he was denied the effective assistance of counsel at trial and in his direct appeal.

In *Douglas v. Clark*, 991 F.2d 799 (7th Cir. 1993) (Table), the Court of Appeals affirmed the denial of Douglas' petition for a writ of habeas corpus by the United States District Court for the Northern District of Indiana in No. 91-C-559. The decision in the case which was appealed reached a decision on the merits of Douglas' claims, as did the appellate decision itself. The present action is therefore a second or successive habeas petition. In this situation, a prospective habeas applicant must first obtain relief from the Court of Appeals, a requirement of 28 U.S.C. § 2244(b). The provision has been described as "self-executing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). This means, here, that a district court lacks all jurisdiction over such a matter, until and unless permission to file is granted by the Court of Appeals. *Id*. The petition here shows no indication that such permission has been sought or granted.

This action is therefore dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**C.**

Douglas has twice previously made this attempt in this court, in No. IP 97-1093-C-H/G and in No. 1:04-cv-01373-SEB-VSS. Each case was summarily dismissed for lack of jurisdiction for the same reasons explained above. Douglas will fare no better in the future unless he complies with the procedure of 28 U.S.C. § 2244(b).

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Douglas has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 03/15/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Carrie Douglas
Wabash Valley Correctional Facility
6908 S. Old U.S. Hwy 41
P.O. Box 1111
Carlisle, IN 47838